David Ali Chami (SBN 027585)
**PRICE LAW GROUP, APC**
1204 E. Baseline Road Suite 102
Tempe, AZ 85283
T: (818) 907-2030
Fax: (818) 205-2730
David@pricelawgroup.com

Attorneys for Plaintiff,
ASHLEY STARCHER

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **ASHLEY STARCHER,** <br><br> Plaintiff, <br><br> vs. <br><br> **NEUHEISEL LAW FIRM, P.C.; and DOES 1 through 10, inclusive,** <br><br> Defendants. | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** <br><br> Demand Does Not Exceed $10,000 |

## COMPLAINT

### *I.   INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Ashley Starcher, an individual consumer, against Defendant, Neuheisel Law Firm, P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## I. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## II. PARTIES

3. Plaintiff, Ashley Starcher, is a natural person with a permanent residence in Charleston, Kanawha County, West Virginia 25309.

4. Upon information and belief, the Defendant, Neuheisel Law Firm, P.C., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 1501 W. Fountainhead Parkway, Suite 130, Tempe, Maricopa County, Arizona 85282. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## III. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the

money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at her place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff numerous times and with such frequency as to harass and abuse the Plaintiff.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by attempting to contact Plaintiff at her place of employment after knowing Plaintiff's employer does not allow such calls.

## IV.   CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

(b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

(c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Ashley Starcher, for declaratory judgment that Defendant's conduct violated the FDCPA, for actual damages, statutory damages, costs, and attorney fees.

///

///

///

///

///

///

///

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Neuheisel Law Firm, P.C., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Ashley Starcher, demands trial by jury in this action.

DATED:  August 27, 2013

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

By:/s/ David Ali Chami
David Ali Chami
Attorney for Plaintiff